## STATE, EX REL MORRIS SACKS
### vs.
## MICHAEL J. FLANAGAN

| Superior Court | Fairfield County | File #47542 |
|---|---|---|

Present: Hon. JOHN RUFUS BOOTH, Judge.

| Sidney Vogel, | Attorney for the Plaintiff. |
|---|---|
| Lavery & Finkelstone, | Attorneys for the Defendant. |

## MEMORANDUM FILED JUNE 17, 1935.

BOOTH (JOHN RUFUS), J. This is an alternative writ of mandamus requiring and enjoining the defendant as Clerk of the Superior Court for Fairfield County to issue an execution against the bodies of certain of the defendants against

whom judgment was rendered by this Court on September 1st, 1934 in case No. 43630, and designated Morris Sacks vs. Clarence E. Slason, et al.

According to the judgment file in this latter case the Court found "neither fraud nor deceit upon the part of any defendant, but finds the other issues for the plaintiff under the second count of the complaint, and that the plaintiff pursuant to **Section 4136, Revised Statutes of 1930,** is entitled to recover of the defendants Four Thousand Six Hundred and Fifty ($4,650.) Dollars, plus interest of Two Hundred Twenty-Three ($223.) Dollars, making a total of Four Thousand Eight Hundred and Seventy-Three ($4,873.) Dollars".

The action set forth in the first count of said complaint was based upon the alleged fraud of the defendants and the action set forth in the second count was based upon **Section 4136 of the General Statutes,** which read as follows:

"Any person making within this State directly or indirectly, any contract of insurance in behalf of any foreign or non-resident insurance company which is not licensed to do business in this State shall be personally liable to the insured for the performance of such contract by the insurance company."

This section of the statutes, in effect, imposes upon the persons therein specified a duty to perform contracts of the character specified, and creates in such persons a liability in the event of non-performance. The subject matter to which both duty and liability attach is a contract; therefore, a cause of action based upon this statute is solely of a contractual nature. The question then, which the existing mandamus proceeding presents, is whether execution may issue against the bodies of the defendants in an action founded upon a contract of the character specified in the above section of the statutes.

**Section 5786 of the General Statutes** provides that:

"Execution shall be granted against the goods and lands and when the defendant is liable to imprisonment on the same, against the body, of the debtor . . . ."
**Section 5801 of the General Statutes** provides that

"If personal estate of the debtor sufficient to satisfy the debt and charges cannot be found, and the creditor

shall not agree to take the debtor's lands, the officer shall levy the execution on the body of the debtor, . . . nor escape by law from imprisonment on such execution . . ."

Notwithstanding the above, **Section 5803** provides that:

"No execution issued in an action founded on contract merely, express or implied, shall be levied on the body of the debtor, except in an action founded on a promise to marry or on misconduct or negligence in any office or professional employment, or in an action instituted against a public officer or trustee or a person acting in a fiduciary capacity, to recover monies received by him; nor shall any execution issued for costs in an action of summary process be levied on the body of the defendant."

That the action involved in the present hearing is not founded upon any of the causes of action contained in any of the exceptions specified in the last above statute must be conceded. Therefore the prohibition against the levying of execution upon the body as therein contained must be applied thereto, which application bars any right to the form of action sought by the relator; in other words, the cause of action upon which judgment was rendered in the case of **Morris Sacks vs. Clarence E. Slason, et al,** was founded on contract merely, and by virtue of **Section 5803 of the General Statutes** the plaintiff is barred of the right to an execution against the bodies of the defendants.

Such being the situation, the return of the respondent in the present action that the relator is not entitled to an issuance of a body execution in the aforesaid case is correct and the writ of mandamus sought is accordingly dismissed.